EXHIBIT C

Form of Operating Agreement

**EIGHTH AMENDED AND RESTATED**
**LIMITED LIABILITY COMPANY AGREEMENT**
**OF**
**NOBLE ENVIRONMENTAL POWER, LLC**

**Dated as of ______________, 2016**

This Eighth Amended and Restated Limited Liability Company Agreement (this "Agreement") of Noble Environmental Power, LLC (the "Company") is entered into as of ______________, 2016 by Paragon Noble LLC, as the sole member (the "Member"), pursuant to Section 18-201(d) of the Act, and will be effective as of the date hereof.

WHEREAS, the Company was formed pursuant to and in accordance with the Delaware Limited Liability Company Act (Title 6, Subchapter I, §§18-101, et seq. of the Delaware Code), as amended from time to time (the "Act"), by filing a Certificate of Formation with the Secretary of State of the State of Delaware on August 31, 2004.

WHEREAS, (a) after good-faith negotiations between the Company and the Member (its secured lender), the parties achieved agreement on a consensual restructuring transaction to be implemented through a plan of reorganization to be proposed pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and (b) the Company filed a voluntary petition before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") on September 15, 2016 for relief under the Bankruptcy Code, thereby commencing case number 16-12055 (KG) in order to (1) reduce the Company's total funded debt, and (2) restructure the Company's equity ownership in order to provide for the Member to own 100% of the equity in the Company, in exchange for certain debt forgiveness and beneficial changes to the remaining secured debt of the Company;

WHEREAS, the Company has continued to operate its business as a debtor and debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code (in such capacity, the "Debtor");

WHEREAS, the Company's Seventh Amended and Restated Limited Liability Company Operating Agreement, dated as of December 21, 2010 (the "Prior Agreement"), was in effect until immediately prior hereto, in conjunction with the Company's Amended and Restated Bylaws (the "Bylaws"), adopted as of December 21, 2010;

WHEREAS, pursuant to the Plan of Reorganization of the Debtor Pursuant to Chapter 11 of the Bankruptcy Code (as may be amended, supplemented or modified from time to time, the "Reorganization Plan"), as confirmed by an order of the Bankruptcy Court entered on ____________, 2016 (the "Confirmation Order"), as of the "Effective Date" under the Reorganization Plan (the "Plan Effective Date"), (i) all limited liability interests in the Company outstanding immediately prior to the Plan Effective Date, were cancelled and extinguished and (ii) the reorganized Company issued 100% of its new limited liability interests to the Member; and

WHEREAS, in connection with the consummation of the transactions contemplated by the Reorganization Plan including the distribution of new limited liability interests of the Company thereunder, this Agreement is being entered into pursuant to the Reorganization Plan and the Confirmation Order to provide for certain rights and obligations among between the Company and the Member.

NOW, THEREFORE, the Prior Agreement is hereby amended and restated in its entirety as set forth herein:

1. Name. The name of the Company is Noble Environmental Power, LLC. The Member may, at any time, change the name of the Company.

2. Certificates. The Member (or other authorized person) from time to time may execute, file, record, and publish, as appropriate or become necessary or advisable, such other certificates (and any amendments and/or restatements thereof), and other documents as the Member may deem necessary or desirable, including any certificates necessary for the Company to qualify to do business in a jurisdiction in which the Company may wish to conduct business.

3. Purpose. The Company is formed for the object and purpose of, and the nature of the business to be conducted and promoted by the Company is, engaging in any lawful act or activity for which limited liability companies may be formed under the Act and as managing member of one or more limited liability companies and/or general partner of one or more limited partnerships, and conducting any activities necessary, advisable, incidental or related thereto.

4. Powers. The Company will have all rights, powers, and authority that lawfully may be possessed or exercised by a limited liability company formed under the Act, including without limitation the rights, powers, and authority from time to time: (i) to acquire, invest in, create, invent, own, hold, manufacture, distribute, sell, operate, renovate, improve, maintain, finance, refinance, manage, lease, dispose of, and otherwise deal with tangible, intangible, real and/or personal property and interests therein (including interests in (and options to acquire interests in) other entities owning any such property), and to engage in all related activities arising therefrom or relating thereto or that the Member may deem necessary or desirable in connection therewith; (ii) to enter into and perform any contract, commitment, activity, or agreement; (iii) to employ or retain officers, employees, agents, managers, accountants, attorneys, consultants, and other persons or entities and to pay such salaries, wages, fees, expenses, and other compensation to such persons and entities as the Member may determine; (iv) to open, maintain, and close bank and money market accounts, to indorse, for deposit to any such account or otherwise, checks payable or belonging to the Company from any other person, and to draw checks or other orders for the payment of money on any such account; (v) to hold, distribute, and exercise all rights (including voting rights), powers, and privileges and other incidents of ownership with respect to Company assets; (vi) to borrow funds, issue evidences of indebtedness, and refinance any such indebtedness, to guarantee the obligations of others (including the Member), and to secure any such indebtedness or guaranty by a security interest, pledge, mortgage, or other lien on any or all properties and other assets of the Company; (vii) to bring, defend, and compromise legal proceedings and actions; and (viii) to take any and all other actions and to do all other things that the Member may deem necessary or desirable or incident to the carrying out of the purposes of the Company. Notwithstanding anything herein to the contrary, the Company shall not be authorized to issue non-voting equity securities to the extent prohibited by 11 U.S.C. § 1123(a)(6).

5. Management; Authority and Duties of Member. Paragon Noble LLC is the sole member of the Company. In accordance with Section 18-402 of the Act, management of the Company shall be vested in the Member. The Member will have full charge of the management, conduct, and operation of the Company and its business in all respects and in all matters, and all rights, powers, and authority permitted to be granted to a member or manager of a limited liability company formed under the Act, including without limitation full rights, power, and authority (i) to determine conclusively all matters relating to the conduct and management of the Company and its business and the winding-up thereof, (ii) in the name and on behalf of the Company to take all of

the actions set forth in or contemplated or permitted by Section 4 hereof or as may be incidental to any such actions, and (iii) to make any and all filings that the Member may deem necessary or desirable under federal and state securities and other laws.

6. Principal Business Office. The principal business office of the Company shall be located at such location as the Member shall determine from time to time.

7. Registered Office. The address of the registered office of the Company in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, County of New Castle, Delaware, 19801.

8. Registered Agent. The registered agent of the Company in the State of Delaware is The Corporation Trust Company, 1209 Orange Street, Wilmington, County of New Castle, Delaware, 19801.

9. Limited Liability. Except as otherwise provided by the Act, the debts, obligations and liabilities of the Company, whether arising in contract, tort or otherwise, shall be solely the debts, obligations and liabilities of the Company, and the Member shall not be obligated personally for any such debt, obligation or liability of the Company solely by reason of being a member of the Company, the intention hereof being to limit the liability of the Member, and exculpate the Member from liability, to the maximum extent now or hereafter permitted by applicable laws.

10. Capital Contributions. The Member shall make such capital contributions to the Company as the Member determines to be appropriate from time to time, in the Member's sole discretion. The Member shall not be required to make any additional capital contribution to the Company.

11. Income Tax Treatment. The Company has elected to be, and currently is, treated as an association taxable as a corporation for federal income tax purposes.

12. Distributions. Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member in the Member's sole discretion; however, the Company shall not make a distribution to the Member if the distribution would violate Section 18-607 of the Act or other applicable law.

13. Company Books of Account. The Company shall cause to be entered in appropriate books, kept at the Company's principal place of business or at such other location as the Member may determine, all transactions of or relating to the Company.

14. Company Funds. All funds of the Company shall be deposited in the Company's name in such checking, money market, or other account or accounts as the Member may from time to time designate; withdrawals shall be made therefrom on such signature or signatures as the Member shall determine.

15. Fiscal Year. The fiscal year of the Company shall be the calendar year, unless and until the Member may determine otherwise.

16. Officers. Subject to the direction and control of the Member, the day-to-day activities of the Company may be conducted on the Company's behalf by one or more officers appointed by the Member (including, without limitation, Chairman, Chief Executive Officer, Chief Financial Officer, Managing Director, President, Vice President, Secretary and Treasurer). Unless

the Member decides otherwise, if the title is one commonly used for officers of a business corporation formed under the Delaware General Corporation Law, the assignment of such title shall constitute the delegation to such person of the authorities and duties that are normally associated with that office. The officers as of the date hereof shall be as set forth on Schedule A. Any delegation pursuant to this Section 16 may be revoked or modified at any time by the Member.

17. Other Business. The Member may engage in or possess an interest in other business ventures (whether or not related to the business of the Company) of every kind and description, independently or with others. The Company shall not have any rights in or to such independent ventures or the income or profits therefrom by virtue of this Agreement.

18. Dissolution.

(a) The Company shall have no specific date of dissolution.

(b) The Company shall be dissolved at such time as the Member may determine.

(c) Upon dissolution of the Company, unless the business of the Company is to be continued upon the terms of this Agreement by determination of the Member, the business of the Company will continue for the sole purpose of winding up its affairs. The winding-up process will be carried out by the Member or by such person or persons as the Member may designate.

(d) The bankruptcy of the Member will not cause the Member to cease to be a Member of the Company and upon the occurrence of such an event, the business of the Company shall continue without dissolution.

(e) In the event of dissolution, the Company shall conduct only such activities as are necessary to wind up its business in an orderly manner. In winding up, the assets of the Company will be applied or distributed as follows: first, in payment of the debts of the Company, taking into account their relative priorities; and second, to the Member, and in accordance with Section 18-804 of the Act. If the Member so determines, a reasonable reserve for contingencies in connection with the winding-up of the business of the Company may be retained by the Company until such winding-up is completed or such reserve is otherwise deemed by the Member no longer to be necessary or desirable.

19. Repeal of Bylaws. The Member hereby confirms that the Amended and Restated Bylaws of the Company, adopted on December 21, 2010, and all prior versions, are abolished and repealed in their entirety. For the avoidance of doubt, the Company shall have no bylaws.

20. Termination of Members' Agreement. The Member hereby confirms that the Second Amended and Restated Members' Agreement of the Company, dated as of December 21, 2010, and all prior versions, are terminated, abolished, and repealed in their entirety. For the avoidance of doubt, the Company shall have no members' agreement.

21. Separability of Provisions. Each provision of this Agreement shall be considered separable and if for any reason any provision or provisions herein are determined to be invalid, unenforceable or illegal under any existing or future law, such invalidity, unenforceability or illegality shall not impair the operation of or affect those portions of this Agreement which are

valid, enforceable and legal. The captions of sections or subsections of this Agreement are for convenience and will not affect the meaning of this Agreement.

22. Entire Agreement. This Agreement constitutes the entire agreement of the Member with respect to the subject matter hereof.

23. Governing Law. This Agreement shall be governed by, and construed under, the laws of the State of Delaware (without regard to conflict of laws principles).

24. Amendments. This Agreement may not be modified, altered, supplemented or amended except pursuant to a written instrument, executed and delivered by the Member.

25. No Third-Party Beneficiaries. This Agreement shall not confer any rights or remedies upon, and none of the provisions of this Agreement shall be enforceable by, any person or entity apart from the Member and the Member's respective successors and permitted assigns.

*[The remainder of this page is intentionally left blank.]*

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, has duly executed this Agreement as of the date first above written.

NOBLE ENVIRONMENTAL POWER, LLC

By: PARAGON NOBLE LLC

By:______________________________
Name: Marcello Liguori
Title: Authorized Signatory

# SCHEDULE A

## Officers

| Name | Title |
|---|---|
| C. Kay McCall | Chief Executive Officer, President, Treasurer, and Secretary |